U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 31 2014

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

REGINA LEWIS, §
 §
Plaintiff, §
 §
VS. § NO. 4:13-CV-683-A
 §
FMC CARSWELL, ET AL., §
 §
Defendants. §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein plaintiff is Regina Lewis. Plaintiff initiated this action by filing her original complaint, naming as defendants FMC Carswell and Federal Bureau of Prisons. Consistent with this court's order, plaintiff on November 25, 2013, filed a two-page document titled "Re-filed Amended Complaint," naming Leslie Powers as the sole defendant. Having now considered the amended complaint, the court concludes that it should be dismissed.

I.

Plaintiff's Complaint

Plaintiff's initial complaint, filed while she was incarcerated at FMC-Carswell,[1] consisted of a litany of

---

[1] Subsequent filings by plaintiff indicated she had been released from prison. However, the mailing envelope attached to the amended complaint shows plaintiff's current address as "MDC" in

(continued...)

complaints about conditions at FMC-Carswell generally, and sought class-action status on behalf of plaintiff and other prisoners. The court ordered that if plaintiff intended to pursue any actions against specific Bureau of Prisons employees pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), she was required to file an amended complaint that alleged the specific wrongful acts by those employees that formed the basis of her claims in this action.

Plaintiff subsequently filed her amended complaint, where defendant is identified as a psychiatrist and/or drug abuse coordinator at FMC Carswell. Plaintiff alleges that defendant testified at an October 2013 hearing involving plaintiff in the United States District Court for the Southern District of New York. At this hearing, defendant filed a report as a "Government Expert and psychiatrist." Am. Compl. at 1. Plaintiff claims that defendant "lost the status as a forensic evaluator" and is now a "drug abuse coordinator for FMC Carswell" without authority to diagnose patients or prescribe medication. <u>Id.</u>

The heart of the complaint is that defendant allegedly gave false testimony about plaintiff during the October 2013 hearing;

---

(...continued)
Brooklyn, New York. The MDC in Brooklyn is a unit of the Bureau of Prisons.

consequently, plaintiff is now "being ordered treatment over my objection and being forced to be released to someones [sic] care." Id. at 2. Plaintiff seeks $10,000,000.00 "in compensatory damages for slander, defamation and the hardship I am facing." Id.

## II.

### Initial Screening of Plaintiff's Claims

Because plaintiff appears to be a prisoner seeking redress from government officials, her complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether she paid the full filing fee or is proceeding in forma pauperis.[2] Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

---

[2]Additionally, because plaintiff is proceeding in forma pauperis, her complaint is subject to preliminary screening and dismissal under 28 U.S.C. § 1915(e)(2)(B), even if she were not incarcerated.

3

(2007)(internal quotation marks and citations omitted).

Having now considered all of the allegations in the amended complaint, the court concludes that plaintiff has failed to state a claim upon which relief may be granted, and that whatever claims and causes of action she is attempting to assert should be dismissed.

III.

Analysis

The gravamen of plaintiff's complaint is her contention that defendant gave false testimony during a court hearing concerning plaintiff. Courts have long recognized that witnesses are entitled to immunity for their testimony:

> Because the witness plays such an integral role in the fact-finding process, the reluctant or reticent witness would disserve the ends of justice regardless of the nature of the proceeding. Furthermore, it seems obvious that the prospect of personal liability under a civil rights claim would pose the same risk of intimidation as would the possibility of liability under the common law. It is the threat of money damages that produces the intimidating effect, and that threat is present under either theory of liability. Consequently, the policies underlying the common law rule of absolute immunity also justify providing a witness with immunity from § 1983 liability.

Charles v. Wade, 665 F.2d 661, 666 (5th Cir. Unit B 1982).

Likewise, the Supreme Court has held that witnesses, like judges and prosecutors, are shielded by absolute immunity from liability under 42 U.S.C. § 1983 arising from their participation

4

in judicial proceedings. Briscoe v. LaHue, 460 U.S. 325 (1983). The Fifth Circuit has also expressly applied immunity to witnesses in a Bivens action. Wafer v. Person, 70 F. App'x 194, 194 (5th Cir. 2003) ("Witnesses have absolute immunity from a Bivens action based on their testimony.").[3] See also Moses v. Parwatikar, 813 F.2d 891, 892 (8th Cir. 1987) (psychiatrist appointed by the court to conduct competency exam immune from civil liability); McArdle v. Tronetti, 692 F.2d 1083, 1085 (3rd Cir. 1992) (same).

The sum of the foregoing authorities is that defendant is immune from civil liability for her alleged false testimony given in the judicial proceedings in the Southern District of New York. Because that is all plaintiff has alleged against defendant, plaintiff's claims must be dismissed.

IV.

Order

Therefore,

The court ORDERS that all claims and causes of action brought by plaintiff, Regina Lewis, against defendant, Leslie

---

[3] Cases analyzing claims under 42 U.S.C. § 1983 are analogous to those brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Izen v. Catalina, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

Powers, be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. §§ 1915A.

SIGNED January 31, 2014.

_____
JOHN McBRYDE
United States District Judge